

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ARTHUR KIRKHAM,

                          Plaintiff,

          v.

BILL ELFO, *et al.*,

                          Defendants.

CASE NO. 2:26-cv-01456-JCC-GJL

ORDER DECLINING SERVICE

Plaintiff Richard Arthur Kirkham, proceeding *pro se*, initiated this action by filing a civil rights Complaint pursuant to 42 U.S.C. § 1983.[1] Dkt. 1. The filing fee has been paid. *See docket.* Having screened the Complaint, the Court finds several deficiencies that must be cured if Plaintiff intends to proceed in this action. As such, the Court **DECLINES** to direct service and, instead, Plaintiff is provided the opportunity to cure his Complaint's deficiencies by filing an amended complaint on or before **July 17, 2026**.

//

---

[1] Because his pleadings are sufficiently clear so as to be understood by the Court, Plaintiff's Motion for Relief (Dkt. 2) from this Court's Local Rules requiring *pro se* prisoner plaintiffs to prepare their pleadings using a court-provided form is **GRANTED**. *See* Local Rules W.D. Wash., LCR 103.

ORDER DECLINING SERVICE - 1

## I.   BACKGROUND

Plaintiff, who is a pretrial detainee at the Whatcom County Jail ("WCJ"), initiated this action concerning various conditions of confinement at that facility. Dkt. 1. Specifically, Plaintiff alleges that, in October 2023, a state court entered an order restricting his telephone privileges and that, following entry of that order, WCJ staff placed him in administrative segregation pursuant to WCJ Procedure 319B. *Id.* at 3–4.

According to Plaintiff, Procedure 319B requires placement in administrative segregation when an inmate becomes subject to court-imposed telephone restrictions. *Id*. at 3. Plaintiff alleges that the procedure does not provide notice, a hearing, an opportunity to challenge placement, a written statement of reasons, an appeal process, or periodic review. *Id.* Plaintiff contends that he remained in administrative segregation for approximately 155 days and that he repeatedly complained to WCJ staff regarding his placement. *Id.* at 4–7. On one occasion, Plaintiff alleges that Defendant Remy threatened Plaintiff with transfer to "total Isolation" if he challenged his placement in administrative segregation. *Id.* at 6–7.

Based on these allegations, Plaintiff asserts claims under 42 U.S.C. § 1983 for alleged violations of the First and Fourteenth Amendments, as well as numerous state-law causes of action. *Id*. at 7–10. As relief, Plaintiff seeks punitive and compensatory damages. *Id.* at 10.

## II.   SCREENING STANDARD

Under the Prison Litigation Reform Act of 1996, the Court must screen proposed complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C.

§1915(e)(2)(B); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Dismissal on these grounds constitutes a "strike" under 28 U.S.C. § 1915(g).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). Even *pro se* pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A plaintiff must set forth specific, plausible facts to support their claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–83 (2009).

### III.    DISCUSSION

As explained below, the Complaint contains general pleading deficiencies in addition to deficient defendants that must be corrected before Plaintiff may proceed in this action.

ORDER DECLINING SERVICE - 3

## A.      General Pleading Deficiencies

First, the Complaint asserts a single factual narrative followed by numerous overlapping constitutional and state-law claims, which are separately supported only by conclusory allegations that defendants are liable under the alternative theories. *Id.* at 3–10. The factual narrative is clear and, though lacking in factual detail with respect to certain defendants, is generally well-pled. However, how Plaintiff's unified factual narrative maps onto his numerous separate causes of action is less clear.

The Complaint includes, for example, claims for denial of due process, deliberate indifference, First Amendment retaliation, breach of duty, negligence, failure to train, false imprisonment, and intentional infliction of emotional distress, among others. *Id.* 7–10. Plaintiff's inclusion of numerous overlapping claims, alternative theories of liability, and state-law causes of action confuses and dilutes the nature and scope of his claims against each defendant. Further, the factual statements paired with each claim largely restate the elements of Plaintiff's various theories of liability without including necessary supporting factual detail.

Therefore, to avoid obscuring potentially meritorious constitutional claims under § 1983, Plaintiff should focus any amended complaint on those claims for which he can allege facts demonstrating a violation of a specific constitutional right by a particular defendant or defendants. Plaintiff should avoid asserting overlapping claims, duplicative causes of action, or alternative theories of liability that arise from the same alleged conduct unless he can clearly explain the particular factual basis for each defendant's liability under the governing legal standards.

Next, Plaintiff filed nearly 70 pages of additional materials as exhibits to his Complaint and references them repeatedly throughout his factual narrative. *See* Dkt. 1 at 3–7, 13–81. The Federal Rules of Civil Procedure, however, do not require the submission of evidence at the

ORDER DECLINING SERVICE - 4

pleading stage, and Plaintiff's references to these exhibits are not a substitute for a well-pled complaint. *Crary v. Washington*, No. 3:24-CV-5666-TMC, 2024 WL 4729499, at *3 (W.D. Wash. Sept. 23, 2024), *report and recommendation adopted*, No. 3:24-CV-5666-TMC, 2024 WL 4722142 (W.D. Wash. Nov. 8, 2024) (declining to consider exhibits "as a replacement for a well-pled complaint"); *Banken v. Wormuth*, No. C24-06071-KKE, 2025 WL 672732, at *2 (W.D. Wash. Mar. 3, 2025) (same). Indeed, Plaintiff's overreliance on references to external documents has likely contributed to his pleading deficiencies with respect to particular defendants discussed in the following section.

Thus, while Plaintiff is free to file supporting documentation and reference them in any amended complaint, he must also sufficiently summarize the facts and circumstances supporting each of his claims in a "simple, concise, and direct" manner within the body of his pleading. Fed. R. Civ. P. 8(d). *Henderson v. Scott*, 2005 WL 1335220, *1 (E.D. Cal. May 4, 2005) (noting it is the plaintiff's "responsibility to make each claim clear and provide only a short statement of facts supporting [each] claim").

**B.      Defendant Deficiencies**

Next, the Court finds that Plaintiff's claims against Defendants Jones, Gegoier, and Bobadilla are deficient as well as his official-capacity claims against all individually named defendants.

Turning first to Plaintiff's individual capacity claims, he must allege sufficient facts demonstrating the personal involvement of all named defendants. The first step in pleading an individual capacity § 1983 claim is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). At step two, a plaintiff must allege facts showing how the individual defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). These

ORDER DECLINING SERVICE - 5

allegations must be supported by specific facts and circumstances demonstrating personal involvement as sweeping and conclusory allegations against a defendant are insufficient to state a claim for relief. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Furthermore, supervisory personnel cannot be held liable for the actions of their subordinates under a theory of vicarious liability, meaning that supervisors are only liable for their own acts or failures to act. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Upon review, it appears the events central to the alleged constitutional violation suffered by Plaintiff were (1) decisions to place him in administrative segregation and to maintain him there without sufficient cause or process and (2) threats of retaliation if Plaintiff attempted to challenge his placement. *See* Dkt. 1 at 3–7. However, Plaintiff's threadbare allegations against Defendants Jones, Gegoier, and Bobadilla do not demonstrate their personal participation, influence, or involvement in those events. *See Leer*, 844 F.2d at 633 (individual liability analysis in § 1983 actions must be based on the duties and responsibilities of each defendant).

In the body of his Complaint, Plaintiff merely alleges Defendant Bobadilla spoke with him regarding his housing status and explained that his placement was pursuant to jail policy. Dkt. 1 at 5. For Defendant Gegoier, Plaintiff alleges that he responded to an inmate request, forwarded it to classification staff, and did not "take action" as a supervisor. *Id.* Finally, for Defendant Jones, Plaintiff alleges that he received a letter concerning Plaintiff's housing placement and did not respond. *Id.* at 5–6.

These allegations, at most, establish that Defendants Gegoier, Bobadilla, and Jones had a general awareness of Plaintiff's confinement. The Complaint does not include sufficient factual detail demonstrating what particular acts or failures to act by these individuals amounted to a violation of his constitutional rights. Thus, in any amended pleading, Plaintiff must name individuals as defendants only if he can allege sufficient facts to demonstrate what the individual

personally did or failed to do and how those acts or failures to act caused a particular violation of Plaintiff's constitutional rights.

Next, Plaintiff's official-capacity claims against the individually named defendants are redundant to his claims against Whatcom County and should not be reasserted in any amended pleadings. In a legal action involving a county, the county itself is the only legal entity capable of suing and being sued. *See Nolan v. Snohomish County*, 59 Wn. App. 876, 883, 802 P.2d 792 (1990)). And, when a § 1983 claim is brought against an individual in their official capacity, the real party in interest for that claim is the government entity for which they work, not the individual named in the caption of the complaint. *See Doe v. Lawrence Livermore Nat. Lab'y*, 131 F.3d 836, 839 (9th Cir. 1997) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits…generally represent only another way of pleading an action against an entity of which an officer is an agent." (citations and quotations omitted)).

Because of this, it is not "necessary or proper to name as a defendant a particular local government officer acting in [an] official capacity. To do so only leads to a duplication of documents and pleadings, as well as wasted public resources for increased attorneys fees." *Luke v. Abbott,* 954 F. Supp. 202, 204 (C.D. Cal. 1997) (citing *Kentucky*, 473 U.S. at 165). As a result, only the primary municipality, county, or local government unit (in this case, Whatcom County) may be sued in a § 1983 action, and claims against county officials in their official capacities are redundant and subject to dismissal. *Id.* (a plaintiff "cannot elect" to name a county official rather than the county for his official capacity § 1983 claims).

Here, Plaintiff names seven individuals as defendants and states each is sued in their official capacities but that only four are properly sued in their individual capacities. Dkt. 1. Plaintiff's claims against Whatcom County officials in their official capacities are redundant to

ORDER DECLINING SERVICE - 7

his claims against the County itself and should be excluded from any amended pleading. While Plaintiff may assert individual capacity claims against defendants who personally participated in a violation of his constitutional rights, he should exclude redundant official-capacity claims against individuals and assert his official-capacity claims only against Whatcom County.

The Court observes as well that exclusion of redundant official-capacity claims against individual county employees will likely aid in resolving the clarity and factual-detail deficiencies discussed above. That is, as presently pled, the Complaint does not consistently distinguish between individual-capacity claims based on the personal conduct of individual defendants and official-capacity claims based on policies, customs, and conduct allegedly attributable to Whatcom County itself. In any amended pleadings, it is unnecessary (and improper) for Plaintiff to include repetitive allegations to establish liability of redundant official-capacity defendants.

To summarize the above, in any amended pleading, Plaintiff should exclude overlapping claims and theories of liability, remove redundant defendants, and avoid overreliance on references to external documents. Doing so will enhance rather than detract from Plaintiff's ability to state a cognizable constitutional claim as required to proceed in this § 1983 action.

## IV.    CONCLUSION

Because of the deficiencies described above, the Court **DECLINES** to direct service of the Complaint. Instead, Plaintiff is **GRANTED LEAVE** to file an amended complaint correcting the above-stated deficiencies on or before **July 17, 2026**.

The Court **WILL** screen the amended complaint to determine if service upon any defendant is appropriate. The amended complaint **MUST** contain a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5)

ORDER DECLINING SERVICE - 8

what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief **MUST** be simple, concise, and direct.

The amended complaint **MUST** be filed under the same case number as this one and will operate as a **complete substitute** for Plaintiff's original Complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The amended complaint **MUST** be legibly rewritten or retyped in its entirety. This means, the amended complaint **MUST** be an original document, not a compilation of previously submitted materials, and it **MAY NOT** incorporate any part of the original complaint by reference. As Plaintiff has demonstrated the ability to organize his pleadings in a form understandable to the Court, he **MAY** submit his amended complaint on the form of his choosing and is **NOT** required to seek relief from LCR 103.

Finally, failure to file an amended complaint addressing the issues identified herein by the stated deadline **MAY** result in a **recommendation** this action be **dismissed**.

Dated this 17th day of June, 2026.

Grady J. Leupold
United States Magistrate Judge

ORDER DECLINING SERVICE - 9