UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ARTHUR KIRKHAM,

Plaintiff,

v.

BILL ELFO, *et al.*,

Defendants.

CASE NO. 2:26-cv-01456-JCC-GJL

REPORT AND RECOMMENDATION

Noting Date: **October 23, 2026**

Plaintiff Richard Arthur Kirkham, proceeding *pro se*, initiated this action under 42 U.S.C. § 1983. Dkt. 1. This matter is before the Court for screening of Plaintiff's Second Amended Complaint under 28 U.S.C. §1915A. Upon review of his Second Amended Complaint, the Court finds that Plaintiff has substantially cured the pleading deficiencies identified in the Court's prior Screening Orders, Dkts, 5, 8, with one exception.[1] In particular, Plaintiff asserts a First Amendment Retaliation claim against Defendant "Deputy Remy" based on the same factual allegations the Court previously found insufficient to state a claim. *See* Dkt. 8 at 8–10. Because Plaintiff has not cured this previously identified deficiency despite being afforded an opportunity

[1] Because his other pleading deficiencies are substantially cured, the Court will direct service of Plaintiff's Second Amended Complaint as appropriate following resolution of the matters addressed in herein.

to amend, the undersigned recommends that Plaintiff's First Amendment Retaliation claim against Defendant Remy be **DISMISSED** for failure to state a claim and without further leave to amend.

## I. BACKGROUND

Plaintiff, an individual currently confined at the Whatcom County Jail Work Center, initiated this action challenging the conditions of his pretrial confinement at Whatcom County Jail. Dkt. 1. On June 17, 2026, the Court screened and declined to serve Plaintiff's initial Complaint, identified several deficiencies in Plaintiff's claims, and granted Plaintiff leave to amend. Dkt. 5. Plaintiff thereafter filed an Amended Complaint. Dkt. 7.

On August 28, 2026, the Court screened Plaintiff's Amended Complaint and again declined to direct service. Dkt. 8. The Court found that Plaintiff had cured some of the identified deficiencies but that the Amended Complaint continued to contain claims that failed to state a claim for relief, including a First Amendment Retaliation claim against Defendant Remy. *Id.* at 4, 8–10. The Court granted Plaintiff another opportunity to amend and specifically advised Plaintiff of the deficiencies in his claim against Defendant Remy, noting it was unlikely the defects could be cured through amendment. *Id.* at 9–10 ("Because this defect concerns the factual basis upon which Plaintiff's claim is based, it is unlikely Plaintiff will be able to cure through amendment.").

On October 2, 2026, Plaintiff filed a Second Amended Complaint asserting, among other things, the same First Amendment Retaliation claim against Defendant Remy. Dkt. 9 at 8–10. The Court now screens the Second Amended Complaint pursuant to 28 U.S.C. § 1915A.

//

//

## II. LEGAL STANDARDS

### A. Screening Standard

Under the Prison Litigation Reform Act of 1996, the Court must screen proposed complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. §1915(e)(2)(B); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Dismissal on these grounds constitutes a "strike" under 28 U.S.C. § 1915(g).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). Even *pro se* pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A plaintiff must set forth specific, plausible facts to support their claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–83 (2009).

After screening a *pro se* complaint, the Court must generally grant leave to file an amended complaint if there is a possibility the pleading's deficiencies may be cured through amendment. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). However, once a *pro se* plaintiff has been given leave to amend and instructed on the method by which to cure the pleading deficiencies, the Court may properly dismiss an action based upon remaining deficiencies. *See Swearington v. California Dep't of*

*Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because *pro se* prisoner plaintiff "did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so") (citing *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment) and *Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.")).

**B. First Amendment Retaliation**

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

To satisfy the "because of" element, a plaintiff must allege facts showing his protected conduct was "the substantial or motivating factor behind the defendant's conduct." *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (citations and quotations omitted). At the pleading stage, it may be sufficient for a plaintiff to allege that an adverse action was taken soon after a defendant learned of his protected conduct. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). Even so, conclusory allegations and "[m]ere speculation that defendants acted out of retaliation [are] not sufficient." *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014). In other words, the facts alleged must support a reasonable inference that retaliation did occur, as opposed to merely showing an order of events wherein retaliation could have occurred. *See*

*Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot properly rest on "the logical fallacy of *post hoc, ergo propter hoc*, literally, 'after this, therefore because of this'"); *West v. Ulloa*, No. 2:17-cv-04892-VBF-KES, 2019 WL 8108724, at *7 (C.D. Cal. Dec. 5, 2019), *aff'd*, No. 20-56167, 2022 WL 17412865 (9th Cir. Dec. 5, 2022) (finding *pro se* plaintiff's retaliation claim deficient because, despite suspect timing, the factual allegations were insufficient to support inference of retaliatory animus beyond speculative level); *Escamilla v. City of Santa Ana*, No. 8:19-cv-02229-JAK-ADS, 2021 WL 4317974, at *1 (C.D. Cal. Sept. 22, 2021), *aff'd*, No. 21-56326, 2023 WL 7040313 (9th Cir. Oct. 26, 2023) (same).

## III. DISCUSSION

Upon review, the Court finds that Plaintiff has failed to state a viable First Amendment Retaliation claim against Defendant Remy in his Second Amended Complaint. The Court previously found that Plaintiff failed to state a viable First Amendment Retaliation claim against this same Defendant in his Amended Complaint, stating the following:

> Plaintiff alleges that Defendant Remy engaged in retaliation by threatening that Plaintiff would be transferred to total isolation if he filed a grievance challenging his placement in administrative segregation. Dkt. 7 at 14–16. In particular, Plaintiff alleges that he informed Defendant Remy that he wanted to file a grievance challenging his placement in administrative segregation, explaining the placement did not accomplish the stated purpose of preventing Plaintiff from accessing a telephone. *Id.* at 14–15.
>
> According to Plaintiff, Defendant Remy responded by stating his understanding of the proposed grievance was that Plaintiff believed his current placement was not "restrictive enough" and that Plaintiff should instead be moved total isolation. *Id.* at 15. Defendant Remy further stated that he would provide Plaintiff with a grievance form but adding that "if you decide you want to follow through and grieve it…it will make things worse for you." *Id.* Plaintiff alleges that Defendant Remy's statements threatening total isolation and worsening conditions discouraged him from pursuing the grievance, thereby chilling his First Amendment activity. *Id.* at 16.
>
> While Plaintiff characterizes Defendant Remy's alleged statements as threats and alleges a chilling effect, the factual basis of his claim does not support a reasonable inference of retaliation. That is, the facts alleged here do not plausibly

> show that Defendant Remy threatened more restrictive housing because Plaintiff sought to exercise his right to file a grievance. Rather, construed liberally, the alleged threats merely warned Plaintiff of a potential unanticipated consequence of the specific grievance he intended to pursue, namely that if Plaintiff challenged his placement in administrative segregation on the ground that it did not prevent him from accessing a telephone, jail officials could respond to the grievance by placing Plaintiff in more restrictive housing where no telephone was accessible. That Plaintiff, having received this warning from Defendant Remy, was deterred from pursuing his grievance, does not automatically convert the warning to unlawful retaliation.
>
> Indeed, Plaintiff does not allege, for example, that Defendant Remy threatened to place Plaintiff in total isolation as punishment for filing a grievance against Defendant Remy or another jail official, or that Defendant Remy otherwise indicated an intent to punish Plaintiff for his desire to use the grievance process. *C.f. Brodheim*, 584 F.3d 1271 (finding triable issues of fact where prison officials allegedly threatened punishment that was motivated by inmate's use of grievance process and/or the alleged "disrespectful" language contained such grievances). To the contrary, Plaintiff's allegations reflect that Defendant Remy explicitly stated that he would provide Plaintiff with the form necessary to file his grievance (thus permitting him to exercise his First Amendment rights) while also warning of a possible and unintended consequence of the specific challenge Plaintiff wanted to raise. While Plaintiff allegedly understood Defendant Remy's statements as a threat and was deterred from pursuing that particular grievance, those allegations do not plausibly establish that Defendant Remy's intent in issuing the warning was to punish or retaliate against Plaintiff for engaging in protected activity.
>
> As Plaintiff does not allege facts showing that Defendant Remy took any adverse action "because of" his protected activity, Plaintiff does not state a viable First Amendment retaliation claim against Defendant Remy. Because this defect concerns the factual basis upon which Plaintiff's claim is based, it is unlikely Plaintiff will be able to cure through amendment.

Dkt. 8 at 8–10.

Plaintiff again alleges that Defendant Remy retaliated against him for attempting to challenge his placement in administrative segregation through the grievance process. Dkt. 9 at 8–10. Although the Second Amended Complaint more expressly characterizes Defendant Remy's statements as a threat of retaliation, the underlying factual allegations remain materially unchanged from those previously considered by the Court in prior screenings.

Plaintiff's renewed factual allegations do not plausibly establish that Defendant Remy engaged in unlawful retaliation. Dkt. 9 at 8–10. Read in context, Defendant Remy's alleged statements warned Plaintiff that if he grieved his existing placement in segregation on the ground that it failed to restrict his access to a telephone, jail officials responsible for making housing decision would address that asserted shortcoming by imposing more restrictive housing. *Id.* These allegations still do not plausibly establish that Defendant Remy's alleged threat was motivated by Plaintiff's protected use of the grievance process and instead establish that Defendant Remy's statement was responsive to the substance of the particular grievance Plaintiff stated he wanted to raise.

Moreover, Plaintiff does not plausibly allege that Defendant Remy had authority to make housing decisions such that the proposed grievance challenged conduct attributable to Defendant Remy from which retaliatory animus might reasonably be inferred. Plaintiff speculates about, but does not allege, facts plausibly showing that Defendant Remy's involvement in the grievance process would reasonably extend beyond providing Plaintiff with the necessary grievance form. Dkt. 9 at 9–10. And, as in his prior pleading, Plaintiff alleges Defendant Remy specifically stated he would provide Plaintiff with the form necessary to pursue the grievance thereby permitting Plaintiff to engage in that protected activity. *Id.* at 9 ("If you keep pursuing this, if you decide you want to follow through and grieve it, I'll provide you with a Grievance, but it will make things worse for you.").

Thus, Plaintiff has again failed to plausibly allege a First Amendment retaliation claim against Defendant Remy.

//

//

## IV. CONCLUSION

For the foregoing reasons, the undersigned recommends that Plaintiff's First Amendment retaliation claim against Defendant Remy be **DISMISSED** for failure to state a claim and without further leave to amend.[2]

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 23, 2026**, as noted in the caption.

Dated this 8th day of October, 2026.

Grady J. Leupold
United States Magistrate Judge

---

[2] As stated above, Plaintiff has substantially cured his other pleading deficiencies. Thus, following resolution of the matters addressed herein, the undersigned **WILL** direct service of the Second Amended Complaint upon all defendants remaining in this action.